IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-50127
Summary Calendar

UNITED STATES OF AMERICA

                              Plaintiff-Appellee

v.

PASCUAL ROSALES-ROBLES, also known as Rosales-Pascual

                              Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1875-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pascual Rosales-Robles (Rosales) appeals the sentence imposed for his conviction for illegal reentry following deportation. Rosales argues that the district court committed significant procedural error by failing to adequately explain the sentence it chose.

Rosales did not assert his claim of procedural error in the district court. Accordingly, his argument is reviewed for plain error. See United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). In reviewing a district court's sentencing decision, this court must first determine whether the district court committed any significant procedural error. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Rodriguez, 523 F.3d 519, 524-25 (5th Cir. 2008).

A sentencing judge is required only to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Rosales has shown no procedural error by the district court because the record reflects that the court considered Rosales's mitigation arguments.

Rosales also argues that although his was a within-guidelines sentence, it should not be presumed reasonable because U.S.S.G. § 2L1.2 is flawed under Kimbrough v. United States, 128 S. Ct. 558, 574 (2007), wherein the Supreme Court recognized that certain Guidelines do not take account of empirical data and national experience.

Although Kimbrough made clear that a district court may, in certain cases, conclude that the Guidelines fail properly to reflect § 3553(a)'s considerations and may disagree with guidelines policy, it does not follow that a district court abuses its discretion when it concludes, as the district court did here, that the Guidelines are appropriate. This court recently rejected a similar argument in United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008).

Rosales also challenges the substantive reasonableness of his sentence. Rosales's sentence is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Rosales has not demonstrated that his sentence was an abuse of discretion by the district court. See Alonzo, 435 F.3d at 554.

The judgment of the district court is AFFIRMED.