# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2013

No. 12-50655
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADA GARCIA-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2128-1

Before SMITH, DeMOSS and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ada Garcia-Diaz (Garcia) pleaded guilty to one count of unlawful reentry in violation of 8 U.S.C. § 1326. The district court sentenced her to 51 months in prison, at the top of the guidelines range of 41 to 51 months. Garcia now appeals, arguing that the guidelines range did not sufficiently account for her history and characteristics, specifically: that she is a single mother of five children with little education and few skills and earned little in Mexico; that she came to the United States to find work so she could support her children, a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

benign motivation; and that she suffers from a personality disorder. She also contends that the district court placed too much emphasis on her criminal history, which consisted of a single conviction for conspiracy to possess methamphetamine with intent to distribute, a conviction that resulted in a 16-level enhancement and a criminal history category II.

We review sentences for reasonableness, employing a deferential abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 49-50 (2007), and we afford a sentence within a properly calculated guidelines range a rebuttable presumption of reasonableness, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The record shows that the district court heard and considered Garcia's arguments for a sentence below the guidelines range but concluded that a sentence at the top of the range was appropriate. The district court was in a superior position to find facts and judge their import under 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 51-52. Garcia's mere disagreement with the court's assessment of the sentencing factors is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Garcia's argument that the guidelines range placed too much weight on her criminal history amounts to a disagreement with a policy decision by the Sentencing Commission. Although a district court may have discretion to vary from the guidelines range based on policy grounds, *see United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008), the court does not necessarily abuse its discretion by choosing to follow the Guidelines. *United States v. Rosales-Robles*, 294 F. App'x 154, 155 (5th Cir. 2008) (unpublished).

As Garcia properly concedes, we have previously rejected the contention that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 is flawed and not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-31 & n. 5 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

AFFIRMED.